625 A.2d 768

**ADAMS OUTDOOR ADVERTISING, LTD., a Limited Partnership, by Adams Outdoor Advertising, Inc., and Stephen Adams, its General Partner, Appellant,**

**v.**

**BOROUGH OF COOPERSBURG ZONING HEARING BOARD and Borough of Coopersburg.**

Commonwealth Court of Pennsylvania.

Argued March 30, 1993.

Decided May 18, 1993.

Victor F. Cavacini, for appellant.

Frances A. Fruhwirth, for appellees.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Appellant, Adams Outdoor Advertising, Ltd. (Adams), appeals an order of the Court of Common Pleas of Lehigh County (trial court) which reversed the decision of the Borough of Coopersburg Zoning Hearing Board (Board) rejecting the constitutional challenge to the Borough's zoning ordinance (Ordinance), and remanded the matter to the Board for disposition of Adams' requests for a variance and/or special exception.

Adams entered into a lease agreement with Heinz Conrad which permitted erection of an outdoor advertising sign on property owned by Conrad. The property is located along

U.S. Route 309 in the Borough of Coopersburg (Coopersburg) in a C–1 Light Commercial District.

Adams proposed to erect a sign having back-to-back advertising surfaces fourteen feet by forty-eight feet with a total sign height of forty-five feet. The application for a building permit was denied by the zoning officer. Adams appealed to the Board requesting a variance and/or special exception and challenging the constitutional validity of the Ordinance.[1]

Following a hearing, the Board denied zoning relief. With regard to the request for a variance, the Board concluded that because Adams failed to establish unnecessary hardship, the application for a building permit could not be remedied by a variance. With regard to the constitutional challenge to the validity of the Ordinance, the Board found that the Ordinance's prohibition of off-site signs was by design, conceived to protect the public safety and minimize traffic congestion. The Board concluded that the regulation of signs was reasonably related to the general welfare of the community and therefore, denied Adams' challenge to the validity of the Ordinance.

Adams appealed to the trial court which issued an order and opinion dated August 18, 1992. With respect to Adams' validity challenge, the trial court reversed the decision of the Board and held that the Ordinance's failure to provide for off-premises signs was *de jure* unconstitutional.[2] The trial court

1. The Ordinance provision challenged by Adams provides as follows:
   1. *Business or Industrial Signs* may be created and maintained in conjunction with a commercial or industrial use, provided (a) that the area on one side of any such sign shall not exceed fifty square feet, unless authorized as a special exception by the Board of Adjustment, and (b) such sign, except a directional sign, is erected only on the premises on which the use to which the sign relates is conducted.
   Section 901(1) of the Zoning Ordinance of the Borough of Coopersburg (emphasis in original).
   The constitutional validity challenge consisted of alternative arguments. First, Adams asserted that the exclusion of off-premises advertising signs throughout the Borough was *de jure* unconstitutional. Alternatively, Adams asserted that the size and setback regulations pertaining to on-premises signs constituted a *de facto* exclusion of outdoor advertising signs.

2. The trial court also examined Adams' alternative argument that the size restrictions established by the Ordinance for all signs within the

further held that the Board failed to address Adams' request for a special exception and/or variance with regard to the size of the sign. Therefore, the trial court remanded the matter to the Board for disposition of the requests for a special exception and/or variance as to the size restrictions for signs established by the Ordinance.

■ The issue presented on appeal to this court is whether the trial court erred in remanding this matter to the Board for consideration of Adams' alternative remedies of variance and/or special exception after concluding that the Ordinance was constitutionally invalid.[3]

Adams' initial argument focuses on the propriety of the trial court's instruction to the Board upon remand. Specifically, Adams asserts that although the trial court had a right to retain jurisdiction, and remand the matter to the Board with instructions to impose reasonable restrictions on the proposed use, the remand instructions were not for such a purpose. We agree.

In its opinion, the trial court states that the issues of whether Adams was entitled to a special exception or a variance as to the size requirements of the Ordinance were not specifically addressed by the Board. Accordingly, the trial court, after concluding that the Ordinance was *de jure* exclusionary and therefore, unconstitutional, remanded the matter to the Board for disposition of Adams' alternative remedies. The trial court's order dated August 18, 1992, provides in pertinent part as follows:

> Borough constituted a *de facto* exclusion of advertising signs. It concluded that Adams failed to carry its burden of establishing that the Ordinance was *de facto* exclusionary. However, having concluded that the Ordinance was *de jure* exclusionary, the trial court need not have reached the merits of Adams' alternative argument of *de facto* exclusion.

**3.** Where, as here, the trial court takes no additional evidence, our scope of review is limited to determining whether the zoning hearing board committed an error of law, abused its discretion or made findings not supported by substantial evidence. *Kratzer v. Board of Supervisors of Fermanagh Township*, 148 Pa.Commonwealth Ct. 454, 611 A.2d 809 (1992).

IT IS FURTHER ORDERED, that the matter is to be remanded back to the Borough of Coopersburg Zoning Hearing Board for disposition of the requests of Adams Outdoor Advertising, Ltd, for a special exception and/or variance to the size restrictions for signs in the Coopersburg Zoning Ordinance.

As noted previously, the Board specifically concluded in its January 20, 1989 decision that because Adams failed to establish unnecessary hardship, the application for a building permit could not be remedied by a variance. Furthermore, the order of the Board provides: "the Board is unanimous in rejecting [Adams'] request for a variance, special exception, interpretation of the zoning ordinance, or other zoning relief which would allow the erection of the proposed sign." Decision of Board at 6. Thus, the trial court's conclusion that the Board failed to address Adams' request for a special exception and/or variance with regard to the size of the sign is unsupported by the record.

Accordingly, we conclude that the trial court erred in remanding the matter to the Board for disposition of Adams' alternative remedies of variance and/or special exception.

We next address Adams' assertion that once the trial court concluded that the Ordinance was *de jure* exclusionary, it should have granted zoning relief. Where the cause of an ordinance's invalidity is a *de jure* exclusion of a legitimate use, the sole remedy is to allow the use somewhere in the municipality and equity dictates that this opportunity fall to the successful litigant. *H.R. Miller Co., Inc. v. Board of Supervisors of Lancaster Township*, 529 Pa. 478, 605 A.2d 321 (1992). Regardless of how the land is currently zoned,[4] the litigant

4. The Borough of Coopersburg has enacted an amendatory ordinance designed to cure the constitutional defect by permitting off-premises outdoor advertising. The sign proposed by Adams complies with the new size requirements, but does not comply with the various setback provisions. Because the amendatory ordinance was not applicable at the time Adams filed its challenge to the validity of the Ordinance, its provisions may not be given effect for the purposes of fashioning appropriate relief. *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A.2d 464 (1974).

must be permitted to develop the land as proposed, provided that the submitted plans are reasonable and not injurious to the public health, safety, welfare and morals. *Fernley v. Board of Supervisors of Schuylkill Township*, 509 Pa. 413, 502 A.2d 585 (1985); *In re: Appeal of Harbucks, Inc.*, 126 Pa.Commonwealth Ct. 591, 560 A.2d 851 (1989), *petition for allowance of appeal denied*, 527 Pa. 589, 588 A.2d 511 (1990).

The trial court's role in fashioning appropriate zoning relief after a finding of exclusionary zoning is governed by Section 1006–A of the Municipalities Planning Code (MPC), which provides in pertinent part as follows:

Judicial Relief

(c) If the court finds that an ordinance ... which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the [Board] whose action or failure to act is in question on appeal, it may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the [Board] for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order.

53 P.S. § 11006–A(c).

■ The above-cited section has been interpreted by the supreme court as granting a trial court broad discretion in formulating zoning relief in connection with a successful challenge to the validity of an ordinance. *Appeal of Shore*, 524 Pa. 436, 573 A.2d 1011 (1990). Furthermore, the trial court is in the best position to judge whether the proposed use should be approved as filed or whether the Board, under the supervision of the court, may require adherence to certain reasonable regulations. *Id.*

Accordingly, the order of the trial court is affirmed in part with respect to the constitutional validity of the Ordinance and vacated with respect to the remand to the Board. The trial court is directed to enter of an order consistent with section

1006–A of the MPC, and further directed to approve Adams' proposed use as submitted or refer the matter to the Board for the imposition of reasonable restrictions in accordance with the purpose of outdoor advertising and industry standards.

## ORDER

AND NOW, May 18, 1993, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed in part with respect to the constitutional validity of the zoning ordinance and vacated with respect to the remand to the Borough of Coopersburg Zoning Hearing Board. The trial court is directed to enter an order consistent with section 1006–A of the Municipalities Planning Code, and further directed to approve Adams' proposed use as submitted or refer the matter to the Board for the imposition of reasonable restrictions in accordance with the purpose of outdoor advertising and industry standards.

Jurisdiction relinquished.