**J.B. STEVEN, INC.,** Appellant,

v.

**The BOARD OF COMMISSIONERS OF WILKINS TOWNSHIP, and Philip R. Dodge, Building Inspector of the Township of Wilkins.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1994.

Decided Jan. 12, 1995.

Reargument Denied March 3, 1995.

Victor R. Delle Donne, for appellant.

John M. Means, for appellees.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

J.B. Steven, Inc. (JBS), appeals an order of the Court of Common Pleas of Allegheny County (common pleas court) which affirmed the decision of the Board of Commissioners of the Township of Wilkins (Board). The Board declared that Wilkins Township's Zoning Ordinance No. 542 (Ordinance) is unconstitutionally exclusionary, and directed the proper township authorities to prepare and present an alternative curative amendment. We affirm.

On or about July 17, 1992, JBS applied for building permits to erect three (3) advertising signs (billboards) in Wilkins Township (Township). By letter dated September 9, 1992, Philip R. Dodge, the Township's building inspector denied the permit applications because the plans did not comply with the Ordinance.

JBS challenged the validity of the Ordinance and proposed a curative amendment pursuant to Section 609.1 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10609.1. In its challenge, JBS asserted that the Ordinance is unconstitutionally exclusionary because it does not permit off-site billboards in any zoning district. JBS suggested by its curative amendment that a billboard "shall have a maximum allowable Gross Surface Area of 1,200 square feet ... [and] shall have a maximum height above the curb of the roadway from which they are intended to be viewed of 90 feet." JBS Curative Amendment Proposal (JBS Curative Amendment) Section B at iii–iv; Reproduced Record (R.R.) at 41a.3–41a.4.

At a public hearing held before the Board on November 9, 1992, JBS presented argument in support of its contention that the Ordinance is invalid as to its exclusion of off-site billboards. JBS also presented testimony in support of its proposed curative amendment. John Crisp, president of JBS, testified that "[t]welve hundred [1,200] square feet is generally recognized as the standard size ..." for the surface area of a sign face. Notes of Testimony of November 9, 1992, Curative Amendment Hearing of the Township of Wilkins (N.T.) at 29–30; R.R. at 96a–97a. However, his testimony was contradicted by the Township's witnesses Charles Latus and Roberta Sarraf. Latus, the president of Rembrandt Outdoor Services, Inc., testified that "the average sign size is 300 square feet...." N.T. at 90; R.R. at 157a. Sarraf, a planning consultant, was asked by the Township to review the Ordinance and to comment specifically on the dimensional requirements. She testified that "generally speaking, [sign area] limitations run between 120 square feet, which is probably the smallest, and 500 and 600 square feet, as a maximum, with the average probably being 300 to 450 [feet]" N.T. at 74; R.R. at 141a.

Based on the testimony and the submitted curative amendment, the Board made the following relevant findings of fact:

2. Ordinance No. 542 does not provide for off-site advertising signs as a permitted use.

3. Twelve hundred (1,200) square foot (60' × 20') signs are not the industry standard and such a standard has no relationship to public health, safety and welfare.

4. Thirty-five (35) feet in height as measured from the curb of the roadway is a reasonable regulation for maximum height of a sign structure especially when the same height applies to buildings and other structures.

5. Credible evidence establishes that on two, four and six lane highways and express highways, at speeds of fifteen (15) to sixty (60) miles per hour, the maximum

necessary and reasonable size of signs varies from eight (8) square feet to two hundred thirty (230) square feet.

6. Regulations in force at the time of the [JBS] permit application and validity challenge permitted signs of one hundred fifty (150)—two hundred fifty (250)—or three hundred fifty (350) square feet, depending on the distance from the road right-of-way line.

7. At the time of the [JBS] permit application and validity challenge, the regulations contained in the ordinances set forth in Appendix I were in force.

8. [JBS] did not supply credible evidence relating to the invalidity of any of the aforementioned ordinance regulations except as to the exclusionary effect of Ordinance No. 542.

Decision of Board of Commissioners, December 14, 1992, (Board's Decision) at 6–7, Findings of Fact (F.F.) Nos. 2–8; R.R. at 48a–49a.

After the hearing, the Board agreed that the Ordinance is exclusionary and defective. However, the Board did not adopt the JBS Curative Amendment. The Board concluded that specific height limitations set forth in Section 205 of the Ordinance were applicable to the proposed off-site billboards. Section 205 provides that "[n]o structure shall exceed thirty-five (35) feet in height above the average ground level. Heights up to forty-five (45) feet may be permitted as a special exception by the Zoning Hearing Board...." Board's Decision, Appendix I; R.R. at 51a.

The Board also concluded that certain area and set-back requirements set forth in Section 303.1.a of the Ordinance are applicable to the proposed off-site billboards. Section 303.1.a of the Ordinance provides for on-site billboards in commercial and manufacturing districts as follows:

303.1 Advertising signs or signboards may be erected in the Township subject to the following regulations:

a. In commercial and manufacturing districts, signs or signboards may be used to advertise goods made or sold on the premises; provided, however, such signs or signboards shall conform to the following limitations:

| Minimum Distance of Sign from Road Right-of-Way Line | Maximum Sign Size |
|---|---|
| 150 Feet | 150 Square Feet |
| 250 Feet | 250 Square Feet |
| 350 Feet | 350 Square Feet |

Board's Decision, Appendix I; R.R. at 53a.

The Board's decision in this validity challenge incorporated *Appendix I,* which is essentially the Board's own proposed curative amendment (Board's Curative Amendment), and it included the above-noted height and area restrictions along with other relevant provisions of the Ordinance. The Board ordered that the building permits for the JBS billboards shall not issue unless JBS complies with the restrictions set forth in the Board's Curative Amendment.[1] JBS appealed the Board's order to the common pleas court.

On appeal, JBS argued that the Board's imposed restrictions did not apply to its proposed use because this case involved the *de jure* exclusion of off-site billboards. The common pleas court per the Honorable James H. McLean, found that "the regulations applicable to freestanding vertical signs generally [sic] should also apply to off-site billboards." Opinion of the Court of Common Pleas of Allegheny County dated December 6, 1993, (Opinion) at 5. Citing *Fernley v. Board of Supervisors of Schuylkill Township,* 509 Pa. 413, 502 A.2d 585 (1985), the common pleas court explained that "[a]pproval of the developer's plan is not automatic, but instead must be predicated on the suitability of the proposed site and various health and safety considerations." Opinion at 5. The common pleas court continued, "the right of a developer to site specific relief is not so great as to justify penalizing the municipality by eliminating all restraints on

1. The Board authorized the building inspector to issue permits to JBS for the use requested in its validity challenge provided the permit applications comply with the applicable ordinance regulations as set forth in *Appendix I* of their decision. JBS has since reapplied for building permits, and the building inspector denied the applications. However, that denial is not presently before us. We will not consider any argument relating to such denial.

the proposed development." Opinion at 5–6. The common pleas court found that testimony established that the above-cited regulations in Sections 205 and 303.1.a did not impose any unreasonable or burdensome restraints on JBS. Accordingly, the common pleas court affirmed the Board's decision and order.

Section 609.1 of the MPC provides that a landowner may challenge the validity of a zoning ordinance which prohibits or restricts the use or development of land in which he has an interest. "The governing body of a municipality which has determined that a validity challenge has merit may accept a landowner's curative amendment, with or without revision, or may adopt an alternative amendment which will cure the challenged defects." 53 P.S. § 10609.1(c). Section 916.1(f)(2) of the MPC provides that a "challenge shall be deemed denied when ... the governing body notifies the landowner that it will not adopt the curative amendment." 53 P.S. § 10916.1(f)(2). Section 1005–A of the MPC provides in pertinent part:

> If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence ... the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence.

53 P.S. § 11005–A. Therefore, the common pleas court correctly affirmed the Board provided that the Board's decision rejecting the JBS Curative Amendment was supported by substantial evidence.

▪ JBS contends that the common pleas court erred in affirming the Board. JBS argues that the business sign regulations concerning size and set-back restraints are inapplicable to the proposed billboards. JBS also maintains that in implementing these restraints, the common pleas court and the Township have effectively denied meaningful zoning relief. JBS objects specifically to the above-cited height limitations in Section 205 of the Ordinance and the area and set-back limitations in Section 303.1.a of the Ordinance. JBS contends that, while these restrictions are valid as to on-site advertising, they are not adaptable to off-site advertising. Billboards are regarded as a legitimate business use of property in Pennsylvania and may be regulated but not excluded by any local zoning ordinance. *Borough of Dickson City v. Patrick Outdoor Media,* 90 Pa.Commonwealth Ct. 628, 496 A.2d 427 (1985). To the extent that it excludes off-site advertising both parties and the common pleas court agree that the existing Ordinance is invalid. Conflict exists because the Board adopted the identical height and area restraints used to regulate *on-site* billboards for the regulation of *off-site* billboards.

We must determine whether there is substantial evidence to support the Board's decision which requires JBS to comply with its own curative amendment (Board's Curative Amendment) instead of adopting the JBS Curative Amendment. The issue here is not whether JBS is entitled to building permits. That has been decided. Rather, it is our responsibility to review the common pleas court's decision affirming the relief granted by the Board, and to ascertain whether the Board's decision is supported by substantial evidence.

As previously noted, JBS objects to two specific restrictions which the Board imposed. These are the height restrictions in Section 205 and the set-back and area restrictions in Section 303.1.a. In the interest of clarity, we will address each restriction and the Board's reasons for applying them separately.

## I. Height Restraints

▪ The common pleas court reviewed the Board's conclusions and agreed that the structural height restrictions in Section 205 are reasonably applicable to the JBS proposed use by way of a curative amendment.[2]

---

**2.** We recognize that in footnote four (4) of his opinion in *J.B. Steven, Inc. v. Board of Commissioners of Wilkens Township,* 164 Pa.Commonwealth Ct. 315, 643 A.2d 142 (1994), the Honorable Samuel L. Rodgers stated that "the restrictions that are applicable to on-site advertising signs in the Wilkens [sic] Township ordinance cannot be enforced against JBS." We agree, but here the Township did more than simply engraft the restrictions. The Board has proposed a cura-

The fact that the Board found the Ordinance exclusionary as to off-site billboards does not automatically permit JBS to erect whatever kind of structure it wishes without investigation into the reasonableness of the proposed plans. Where a zoning ordinance acts as a *de jure* exclusion of a legitimate use, a party seeking to employ such use must be permitted to do so as proposed, provided that the submitted plans are reasonable and not injurious to the public health, safety, welfare and morals. *Adams Outdoor Advertising v. Borough of Coopersburg Zoning Hearing Board,* 155 Pa.Commonwealth Ct. 591, 625 A.2d 768 (1993). The submitted plans of such persons are subject to reasonable restrictions as may be properly provided for in the ordinance. *Ellick v. Board of Supervisors of Worcester Township* 17 Pa.Commonwealth Ct. 404, 333 A.2d 239 (1975). As cited above, the Board found that "[t]hirty-five (35) feet as measured from the curb of the roadway is a reasonable regulation for maximum height of a sign structure especially when the same height applies to buildings and other structures." Board's Decision at 6–7, F.F. No. 4; R.R. at 48a–49a.

The common pleas court reasoned that the height restraint contained in Section 205 applies to any *structure,* and that billboards are *structures* according to Section 601.25 of the Ordinance. That Section defines *structure* as "[a]nything built, constructed, or erected, which requires location on the ground or attachment to something on the ground." Board's Decision, Appendix I; R.R. at 54a. The Board applied the limitation to JBS's proposed billboards after receiving competent evidence that the restriction is reasonable. In this we find no error.

## II. *Area and Set-back Restraints*

The Board considered the area and set-back requirements in the JBS Amendment along with the testimony in favor of their adoption. The Board decided that "[c]redible evidence establishe[d] that ... the maximum necessary and reasonable size of signs varies from eight (8) square feet to two hun-

dred thirty (230) square feet." Board's Decision at 7, F.F. No. 5; R.R. at 49a. The JBS Amendment called for a twelve hundred (1,200) foot limitation on sign area, but the Board decided that "[t]welve hundred (1,200) square foot ... signs are not the industry standard...." Board's Decision at 6, F.F. No. 3; R.R. at 48a. The Board simply weighed the evidence and elected to adopt "[r]egulations in force at the time of the [JBS] permit application [which] permitted signs of ... three hundred fifty (350) square feet...." Board's Decision at 7, F.F. No. 6; R.R. at 49a.

The common pleas court found that the Ordinance contemplates the use of property for billboard type advertising in Section 601.21. Sections 601.22 and 601.23 of the Ordinance define off-site and on-site billboard advertising. The definitions read as follows:

601.21  SIGN: A "sign" is a name, identification, description, display, or illustration which is affixed to, or painted or represented directly or indicated upon a building, structure, or piece of land which directs attention to an object, product, place, activity, person, institution, organization or business.

601.22  SIGN ADVERTISING: A sign which directs attention to a business or profession conducted or to a commodity or service sold or offered *eslwhere* [sic] *than upon the premises* where such sign is located, or which is affixed.

601.23  SIGN BUSINESS: A sign which directs attention to a business or profession conducted or to a commodity or service sold or offered *upon the premises* where such sign is located, or to which it is affixed.

(emphasis added). Board's Decision, Appendix I; R.R. at 54a. The common pleas court deduced that the definitions in Sections 601.22 and 601.23 are essentially identical with one exception. One definition addresses on-site billboards while the other does not. Based upon the testimony of the Township witnesses the Board and the common pleas

tive amendment. If this proposed curative amendment is adopted these restrictions will apply to off-site billboards.

court found that Section 303.1.a of the Ordinance is not only applicable to on-site billboards, but is also reasonably applicable to off-site billboards. We can find no error with this determination.

The Board found that JBS shall not be permitted to erect billboards according to the area limitations proposed in the JBS Curative Amendment because such limitations are unreasonable. The Board found that the area limitations set forth in Section 303.1.a are reasonable. The common pleas court agreed, as we do, that reasonable restrictions on sign area are warranted, and the Board applied sensible restraints on the proportions of the JBS proposed billboards.

### III. Conclusion

■ The above-cited section 1005–A of the MPC provides that a court cannot disturb the findings of a governing body in a land use appeal unless the findings are not supported by substantial evidence. 53 P.S. § 11005–A. The common pleas court is best situated to judge whether a land use proposal should be approved as filed or whether the Board may require adherence to certain reasonable regulations. *Appeal of Shore*, 524 Pa. 436, 573 A.2d 1011 (1990). The Board's decision is supported by substantial evidence. We affirm the common pleas court's order.

### ORDER

AND NOW, this 12th day of January, 1995, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.