## Lamar Advertising of Penn LLC v. Zoning Hearing Board of the Township of Richmond

44

C.P. of Berks County, no. 02-7910.

*George C. Balchunas,* for appellant.
*Rodney M. Fisher,* for appellee.
*Robert P. Grim,* for intervenor.

LASH, *J.,* December 17, 2003—This matter comes before the court pursuant to a land use appeal filed by appellant, Lamar Advertising of Penn LLC d/b/a Lamar Advertising of Reading and The Lamar Companies (applicant), from the decision of the Zoning Hearing Board of Richmond Township. The board denied applicant relief in the form of a request for a variance and/or challenge to the validity of the zoning ordinance of the Township of Richmond. For reasons set forth, we affirm in part and reverse in part the board's decision and remand for further proceedings.

Applicant is a limited liability company in the business of providing advertising throughout Berks County, Pennsylvania, through the use of advertising structures commonly known as billboards. Applicant's usual method is to lease a portion of a tract of land, construct and maintain billboards, and sell advertising space on the billboards to third parties.

On or about December 27, 2001, applicant filed six separate applications to the board relating to the construction and maintenance of proposed billboards at six locations in Richmond Township, Berks County, Pennsylvania: 14036 Kutztown Road, which is 1,500 feet south of the intersection of Route 222 and Richmond Road, 14036 Kutztown Road, which is 140 feet south of

the intersection of Route 222 and Richmond Road, 14015 Kutztown Road, which is 1,200 feet south of the intersection of Route 222 and Richmond Road, 14035 Kutztown Road, which is 570 feet south of the intersection of Route 222 and Richmond Road, and 14232 Kutztown Road, which is 225 feet south of the intersection of Route 222 and Route 662, and Park Road. These parcels are owned by third parties from which applicant would lease the tract of land necessary for the billboards. All properties are located in the C-2 commercial zoning district of Richmond Township.

Public hearings were held on February 26, April 2, May 7, June 11, and June 19, 2002.

On June 24, 2002, the board published its findings of fact, discussion and decision, denying applicant's request for relief. First, the board denied a variance, finding that applicant failed to establish a hardship which would justify the grant of a variance. The board also found that applicant withdrew its request to establish a use variance, relying instead on its argument that the zoning ordinance was invalid.

Further, the board found that the ordinance was not exclusionary and was therefore valid in that signs, including billboards, as contemplated by applicant, are permitted as accessory uses in a C-2 commercial zoning district by special exception, but that applicant failed to meet its burden to establish a right to a special exception because it failed to provide evidence regarding the contents of the billboards as required by section 506.2(a)(6) and section 506.2(d)(2) of the zoning ordinance.

Finally, the board found that, even assuming applicant had presented sufficient evidence to establish a use by special exception, it nevertheless failed to comply with

the dimensional requirements of the zoning ordinance. On these bases, the board denied relief.

In response to the decision of the board, applicant initially filed a complaint in equity on July 12, 2002, alleging that the board violated section 704 of the Sunshine Act,[1] requesting that the decision entered be determined to be void and of no effect.[2]

Shortly thereafter on July 23, 2002, the applicant filed the within appeal. The two matters were consolidated by order of February 5, 2003. The order also set forth that Richmond Township was permitted to intervene.

Argument on the issues raised in the land use appeal was held on December 1, 2003.[3]

In its appeal, applicant raises the following issues:

(A) Does the zoning ordinance provide for a constitutionally invalid complete prohibition of outdoor advertising signs in the township?

(B) Are the size and content limitations imposed upon signs under zoning ordinance section 506.2(a)(6) exclusionary in their effect and therefore unconstitutionally invalid?

(C) Did the [board] impose dimensional restrictions on [applicant's] proposed signs, as requested by the township, without any factual or legal basis, thereby misapplying the burden of proof?

(D) Do the content restrictions as set forth in zoning ordinance section 506.2(a)(6) violate [applicant's] right to free speech under the United States Constitution?

---

1. 53 Pa.C.S. §704 as amended.

2. Action no. 02-7910.

3. At this juncture, the parties did not request any relief regarding the equity action. Accordingly, this court shall address the issues raised in the land use appeal only.

The standard of this court's review was set forth succinctly by the Commonwealth Court in *Zoning Hearing Board of Sadsbury Township v. Board of Supervisors of Sadsbury Township,* 804 A.2d 1274, 1278 (Pa. Commw. 2002), where the court stated as follows:

"As we have stated, our standard of review in a zoning case, where the court of common pleas has taken no additional evidence, is limited to determining whether the zoning hearing board abused its discretion or committed an error of law. *Center City Residents Association v. Zoning Board of Adjustment,* 48 Pa. Commw. 416, 410 A.2d 374 (1980). An abuse of discretion will be found only if the zoning board's findings are not supported by substantial evidence, that is, such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. Commw. 550, 462 A.2d 637 (1983); *Teazers Inc. v. Zoning Hearing Board of Adjustment,* 682 A.2d 856 (Pa. Commw. 1996). Upon reviewing a decision of a zoning hearing board, a court may not substitute its judgment for that of the board; and, assuming the record demonstrates substantial evidence, the court is bound by the board's findings which result from resolutions of credibility and the weighing of evidence rather than a capricious disregard for the evidence. *Vanguard Cellular System Inc. v. Zoning Hearing Board,* 130 Pa. Commw. 371, 568 A.2d 703 (1989), *petition for allowance of appeal denied,* 527 Pa. 620, 590 A.2d 760 (1990)."

We first address whether the zoning ordinance is exclusionary and therefore unconstitutionally invalid. Before a court may declare a zoning ordinance unconstitutional, the challenging party must clearly establish that

the provisions of the ordinance are arbitrary and unreasonable. A legislative enactment can be declared void only where it violates the fundamental law clearly, palpably, plainly and in such a manner as to leave no doubt or hesitation in the mind of the court. *Adams Outdoor Advertising Ltd. v. Hanover Township Zoning Hearing Board and Hanover Township Board of Supervisors,* 159 Pa. Commw. 372, 376, 633 A.2d 240, 242 (1993).

Applicant argues that the contemplated billboards are "advertising signs" as that term is defined under section 201.4 of the zoning ordinance. Under the terms of the ordinance, "advertising signs" are not expressly permitted anywhere in the township. In fact, while signs generally are permitted, they are permitted only as an accessory use in a C-2 commercial district under 407.3 (c) of the zoning ordinance. An advertising sign cannot qualify as an accessory use by definition.

We agree. Under section 201.4 of the zoning ordinance, "advertising sign" is defined as:

"A 'sign' which directs attention to a service, business, profession or industry conducted, sold, manufactured or assembled or offered for sale elsewhere than upon the premises where the sign is displayed."

Under the terms of the ordinance, signs of any type are only expressly permitted as an accessory use. Section 201.4 sets forth the definition of "accessory use" stating:

"A use customarily incidental and subordinate to and located on the same lot occupied by the principal use to which it relates."

Reading the two definitions together, it is apparent that a use that qualifies under one definition must be excluded

from qualifying under the other. The accessory use must be located on the same premises as the principal use. Conversely, an advertising sign cannot be on the same premises as the service or business to which it refers.

The board urges this court to accept its reasoning that the ordinance is not exclusionary because billboards also fall under the definition of "sign" under section 201.4,[4] and that applicant's billboards could be permitted under section 407.3 of the zoning ordinance which permits "accessory uses not located on the same lot with the permitted principal use" through a special exception. However, the board's argument illuminates a patent inconsistency in the zoning ordinance. By definition, an accessory use must be located on the same lot with a permitted principal use. There can never, therefore, be an occasion when section 407.3(c) would apply. Section 407.3(c) is not a viable provision and must be disregarded.

We conclude that the only type of sign structure that is permitted under the zoning ordinance is one which is located on the same lot as the principal use to which it relates and meets the requirements of section 506 of the zoning ordinance. This type of sign would qualify under section 407.2(b) of the zoning ordinance.

The type of billboard contemplated by applicant in this case and in its business generally is one that you would seldom, if ever, find located on the same lot as a

---

4. Sign is defined as: "Any structure, building wall, or other outdoor surface, or any device or part thereof, which displays or includes any letter, work, model, banner, flag, pennant, insignia, device, or other representations used for announcement, direction identification, or advertisement. The word 'sign' includes the word 'billboard,' but does not include the flag, pennant, or insignia of any nation, state, city or other political unit, nor public traffic or directional signs."

principal use to which it relates. In fact, billboard locations are specifically chosen to expand the scope of the advertising business's visibility, usually accomplished by placing the billboards near highways with a large volume of traffic. Placing an advertising billboard on the same lot as the principal use to which it relates would accomplish little and be cost prohibitive. Accordingly, the drafters of the zoning ordinance properly included a separate definition for "advertising sign," which specifically refers to the unique characteristic of this type of sign as being a sign that is "off premises." The nature of billboards is such that inclusion of a separate definition for "advertising sign" is material. The total exclusion of any reference to advertising signs as a permitted use in any portion of the township renders the zoning ordinance invalid.

Our holding is consistent with the case of *Adams Outdoor Advertising Ltd. v. Hanover Township Zoning Hearing Board, supra,* a case involving similar facts and similar zoning ordinance regulations. In *Adams,* the Commonwealth Court states:

"In interpreting a zoning ordinance, a particular section of a zoning code or subdivision code must be read as an integral part of the whole, and not as a separate portion with independent meaning. *Tobin v. Radnor Township Board of Commissioners,* 142 Pa. Commw. 567, 597 A.2d 1258 (1991). After extensive research, we have found no cases in which an 'off-site' sign has been found to be an accessory use. An accessory use has been defined by courts as a *use conducted on the same lot as a principal use. to which it is related and located either within the same structures or in an accessory structure or as an accessory use of the land.* Therefore, we hold

. . . that an accessory use must be a use conducted on the same lot as a principal use to which it is related and located and clearly incidental to and customarily found in connection with the particular principal use in order to give [the ordinance] its proper meaning. Further, no zoning district, described in the ordinance, allows off-site advertising signs except as accessory uses. Because we hold that an advertising sign cannot be an accessory use, the ordinance is *de jure* exclusionary." 159 Pa. Commw. 381-82, 633 A.2d at 244. (emphasis in original)

We note also, that, for the reasons already set forth, the board cannot rely on applicant's failure to meet the requirements of section 506.2(a)(6) and section 506.2 (d)(2) as a basis for denying the application. Section 506.2 provides for additional regulations regarding signs which are permitted in a zoning district. Section 506.2 (a)(6) states:

"The maximum permitted size of sign and type of sign shall be in accordance with the following regulations:

"(a) All zoning districts

"(6) Signs not located on the same lot as the use to which they relate indicating the existence of, and direction to tourist attractions of a natural, scenic, and/or outdoor recreational nature, provided that no such sign shall exceed 20 square feet."

As already noted, for all zoning districts, signs are only permitted as accessory uses. Therefore, they must be located on the same lot as a principal use to which they relate. Section 506.2(a)(6) is patently inconsistent with the definition of "accessory use."

Section 506.2(d)(2) states:

"The maximum permitted size of sign and type of sign shall be in accordance with the following regulations:

"(d) commercial and industrial districts

"(2) Business or industrial signs on the same lot as the use to which it relates, provided that the total of such signs shall be limited to two square feet per each lineal floor of horizontal building facade length, but not to exceed an aggregate area of 160 square feet."

Section 506.2(d)(2) does not relate to advertising signs, as defined. Even if advertising signs were permitted under some provision of the zoning ordinance, section 506.2(d)(2) would not apply because advertising signs would not be located on the same lot as the use to which it relates. Accordingly, we rule that the board's reliance on section 506.2 of the zoning ordinance was improper.

Counsel for the township urged, in oral argument, that even if the court should find that the zoning ordinance is exclusionary, the decision of the board should nevertheless be upheld because the presence of the signs would be injurious to the health, safety, and welfare of motorists, as well as the citizens of Richmond Township. Evidence was presented by the township engineer that the highway adjacent to the proposed locations of the billboards, Route 222, handles large volumes of traffic on a daily basis. The volume of traffic has increased, rendering the design of the highway antedated. The presence of billboards could distract motorists traveling on Route 222, creating a safety hazard. Another witness testified regarding one of the proposed signs, which would be erected on the "Sacks property," stating that that sign would partially obstruct the view of motorists merging onto Route 222 from the nearby intersection. Applicant also presented testimony from a civil engineer, who opined that the proposed signs would not present any traffic safety problems nor violate any safety regulations.

This issue of the proposed use's effect on public safety was not raised in the findings of fact and discussion published by the board, nor was it raised in its decision. The evidence presented by the township engineer was contested by applicant. Applicant's expert provided an opinion contrary to that of the township engineer. No determination was made on which expert testimony was more credible.

As this issue was never addressed by the board in its findings or decision, neither it, nor the township, can utilize these concerns as a basis for denying applicant's relief. As stated in *Adams,* 159 Pa. Commw. at 382, 633 A.2d at 244-45, once applicant proved a total exclusion of a legitimate use, the burden then shifts to the township to establish that the prohibition promoted health and safety, morals and general welfare. "Moreover, the constitutionality of [the] zoning ordinance which totally excludes a legitimate use must be highly scrutinized and, thus, such ordinance must bear a *more* substantial relationship to a stated public purpose than a regulation which merely contains a use to a certain zoning district." 159 Pa. Commw. at 382, 633 A.2d at 245. (emphasis in original)

The township cannot argue that it sustained its burden on this issue when it has not challenged the decision of the board and the board made no ruling on the safety issue. Accordingly, applicant's application cannot be denied on this basis.

Having determined that applicant is entitled to zoning relief, we must consider the nature of an appropriate remedy. Relying primarily on *Adams Outdoor Advertising Ltd. v. Borough of Coopersburg Zoning Hearing Board,* 155 Pa. Commw. 591, 625 A.2d 768 (1993), applicant

urges this court to permit the billboards to be erected as proposed by applicant. As stated in *Adams,* 155 Pa. Commw. at 595, 625 A.2d at 770-71: "Where the cause of an ordinance's invalidity is a *de jure* exclusion of a legitimate use, the sole remedy is to allow the use somewhere in the municipality and equity dictates that this opportunity fall to the successful litigant." (emphasis in original)

The board counters with its argument that applicant's proposed use must still comply with the dimensional requirements of the zoning ordinance. It notes that applicant's current proposal would not meet the dimensional limitations. Further, applicant did not present sufficient evidence to establish entitlement to a dimensional variance under section 803.2.

The proposed application would violate section 407.5 of the ordinance which requires a 40-feet front yard setback dimension. The proposed locations for the billboards would be 21 feet, 23 feet, 28.5 feet, and two billboards each at 29.5 feet, respectively, from the front property lines.

The proposal also would violate section 407.7 of the ordinance which requires a 35 feet maximum building height. Three of the billboards would exceed this height, with two being 40 feet 9 inches in height and one being 49 feet in height.[5]

---

5. The board also mentioned other dimensional requirements, including the five feet side lot setback for freestanding signs, set forth in section 506.3(e) of the ordinance, which the board found to be met by the proposal. Further, for reasons already stated, the dimensional requirements stated in section 506.2(a)(6) and (7), and section 506.2(d)(2) of the ordinance, relating to the maximum square footage for one side of the billboard, do not apply.

We note with interest the case of *J.B. Steven Inc. v. Wilkins Township,* 654 A.2d 135 (Pa. Commw. 1995). Both the *J.B. Steven* case and *Adams v. Borough of Coopersburg Zoning Hearing Board, supra,* stand for the proposition that where a zoning ordinance acts as a de jure exclusion of a legitimate use, a party seeking to employ such use must be permitted to do so as proposed, provided that the submitted plans are reasonable and not injurious to the public health, safety, welfare, and morals. The Commonwealth Court in *J.B. Steven Inc.,* specifically expresses this condition, in cautioning that a finding that an ordinance is exclusionary as to offsite billboards *does not* automatically permit an applicant to erect whatever kind of structure it wishes without investigation into the reasonableness of the proposed plans. The fact that applicant has established the ordinance to be invalid does not give applicant a blank check to erect and locate a billboard in any way it deems fit.

Focusing on the issue of reasonableness, the Commonwealth Court in *J.B. Steven Inc.,* found that a 35- feet height restraint contained in the applicable ordinance applied to any structure, including billboards, and that, having received competent evidence that the restriction is reasonable, the court held that this dimensional restriction should be honored. Further, the court found that reasonable restrictions on the sign surface area were warranted and found that the board applied sensible restraints on the proportions of the proposed billboards, which restricted the acceptable size of the billboard to 350 square feet, a significant reduction from the 1,200 square feet size proposed by the applicant.

We find that the 40-feet front yard setback dimension required by the board pursuant to section 407.5 of the

ordinance is appropriate. As stated, the township presented evidence that the affected area of Route 222 handles large volumes of traffic and is often congested. The road itself is not sufficient to address the traffic volume. A 40-feet front yard setback is reasonable and does serve to protect motorists, as well as any pedestrians. Further, the setback requirements are for all structures, not merely signs, and therefore the dimensional requirements are not compromised by the fact that the ordinance improperly excludes the use of advertising signs. The board's decision denying a dimensional variance from section 407.5 of the ordinance is affirmed.

On the other hand, this court cannot sustain the decision of the board regarding the imposition of the maximum height of 35 feet. The applicable provision, section 407.7, relates to "building height." The definition of "building" in section 201.4 is:

"Any combination of materials forming any structure which is erected on the ground and permanently affixed thereto, designed, intended, or arranged for the housing, shelter, enclosure, or structural support of persons, animals, or property of any kind. Structures divided by unpierced masonry division walls extending from the ground to underside of the roof shall not be deemed to be a separate building for the purpose of this ordinance."

While the board found, and this court agrees, that an advertising sign is a "structure," the billboard is nevertheless not the type of structure which is referenced in the definition of building.[6] An advertising sign does not constitute housing, shelter, or an enclosure. It does not

---

6. The facts of this case are distinguished from *J.B. Steven Inc.*, *supra,* by the content of the zoning ordinance.

structurally support any persons, animals, or property. Accordingly, the board should not have applied section 407.7 and its dimensional restrictions to the application in this case.

Further, there is no evidence that the height of the billboard affects the public health, safety, morals, or general welfare. Although there may be cosmetic ramifications from a larger billboard, this alone is not sufficient. Accordingly, we Reverse the decision of the board denying the application on the basis that the application did not conform to section 407.7 of the ordinance.

Accordingly, we enter the following order:

## ORDER

And now, December 17, 2003, upon consideration of the land use appeal filed by appellant, Lamar Advertising of Penn LLC d/b/a Lamar Advertising of Reading and The Lamar Companies, responses of the Zoning Hearing Board of the Township of Richmond and of Richmond Township, review of the findings of fact, discussion, and decision of the zoning hearing board, dated June 24, 2002, review of the transcripts of the hearings before the board, briefs filed by the parties, and after argument held, this court rules as follows:

(1) The decision of the zoning hearing board denying the request of applicant to determine that the zoning ordinance of Richmond Township is invalid is reversed. Applicant's proposed use of the erection and maintenance of advertising signs shall be permitted.

(2) The board's determination that dimensional variances from section 407.7, section 506.2(a)(6) and (7), and section 506.2(d)(2) of the ordinance are required is reversed.

(3) The board's determination that a dimensional variance from section 407.5 of the ordinance requiring a 40 feet front yard setback dimension is affirmed. Applicant may file amended applications conforming to section 407.5.

(4) This court having determined that the zoning ordinance of the Township of Richmond is invalid, the township shall take necessary steps to cure the invalidity, within a reasonable time.