Borough of Dickson City, Appellant *v.* Patrick Outdoor Media, Inc., Appellee.

Argued April 9, 1985, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*John P. Pesota,* for appellant.

*James J. Gillotti, Houlihan & Weinschenk,* for appellee.

OPINION BY JUDGE COLINS, August 6, 1985:

In this appeal, we must decide whether the Borough of Dickson City (Borough) may prohibit the erection of "off-site" advertising billboards throughout the entire Borough and limit the size of advertising signs to one hundred square feet.

The matter *sub judice* stems from a controversy involving the Borough's zoning ordinance. The pertinent sections are as follows:

5.850 *Signs*

Signs may be erected and maintained only when in compliance with the following provisions:

5.852 *Signs in "C" and "M" Districts.*

Business signs shall be permitted as follows:

(a) *Size of Signs.* No sign shall have a gross surface of more than one hundred square feet in any "C" District or more than one hundred and fifty square feet in any "M" District.

11.143 *Sign, Business.*

A "business sign" is a sign which directs attention to a business or profession conducted

or to a commodity, service, or entertainment sold or offered upon the premises where such sign is located, or to where it is affixed.

As can be seen, the only signs permitted in a "C" (Commercial) or an "M" (Manufacturing) district are those signs which advertise or call attention to the commercial or professional activities which are being conducted directly on the premises where the sign is erected. Since business signs are not allowed in districts other than those classified "C" or "M", the Borough has prohibited the erection of the traditional highway billboard. We must note, however, that there are presently fourteen 300 square foot "off-site" billboards, in the Borough. These signs were erected before the enactment of the present zoning code and exist as prior nonconforming uses. These billboards may be found at various sites on the 37 miles of roadway in Dickson City, but mainly clustered on U.S. Route 6, the Borough's principal commercial street.

Procedurally, the matter comes before this Court on an appeal by the Borough from an order of the Court of Common Pleas of Lackawanna County dismissing exceptions to an order which sustained the appeal of Patrick Outdoor Media, Inc. (POM). POM is the lessee of real property[1] located along the eastbound lane of Route 6 in an area zoned "C-3" commercial.

On August 20, 1982, POM applied for a building permit to erect a 300 square foot billboard on this parcel. The application was refused by the Borough because of the proposed sign's nonconformance with the previously-cited ordinances.

On October 18, 1982, POM filed an application for a curative amendment with the Borough Council pur-

---

[1] POM leased the property from Joseph and William Cooper.

suant to Section 1004(1)(b)[2] of the Pennsylvania Municipalities Planning Code. In the application, POM challenged the Borough's Zoning Ordinance on the grounds that it unconstitutionally excluded "off-site" outdoor advertising signs and that the 100 and 150 square feet size restriction represented an illegal "de facto" exclusion of outdoor advertising signs since the standard sign produced by the industry is 300 square feet.[3] A hearing was conducted on December 14, 1982. On January 11, 1983, the Borough Council denied POM's request. POM appealed this decision to the Court of Common Pleas of Lackawanna County which, on September 21, 1983, sustained its appeal. Exceptions to this ruling were filed on September 30, 1983. The exceptions were dismissed on January 11, 1984.

Our scope of review in zoning cases where, as here, the lower court took no additional evidence is limited to a determination of whether the local governing body abused its discretion or committed an error of law. *Ridgeview Associates v. The Board of Supervisors of Lower Paxton Township*, 17 Pa. Commonwealth Ct. 459, 333 A.2d 249 (1975).

The trial court held that the existing ordinance was unconstitutional insofar as it resulted in a total exclusion of "off-site" advertising. We agree.

A municipality has the power to regulate signs, billboards, or other advertising media provided that

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004(1)(b).

[3] Gerard Joyce, the president and general manager of POM, testified that the standard size billboard in the outdoor advertising industry is 300 square feet or twelve (12) foot by twenty-five (25) foot. He further stated that when he receives advertising copy from national companies who are advertising on his billboards, it comes precut in that size. Finally, he testified that the Borough's ordinance totally prohibits POM from erecting any billboards because the Borough's ordinance prohibits him from erecting the minimum 300 square foot standard-size billboard.

such regulation is not unreasonable, arbitrary, or discriminatory and there is a reasonable relationship to the safety, morals, health, or general welfare of the community. *Norate Corporation, Inc. v. Zoning Board of Adjustment,* 417 Pa. 397, 207 A.2d 890 (1965). Furthermore, "[c]ommon knowledge indicates that certain types of business activities, by reason of the particularly objectionable quality of those activities, are undesirable land uses and total prohibition would appear prima facie to be designed to protect those public interests which zoning statutes permit municipalities to protect." *Beaver Gasoline Company v. Osborne Borough,* 445 Pa. 571, 575, 285 A.2d 501, 504 (1971).

We conclude that "off-site" sign advertising is not per se noxious. Therefore, a municipality has no power to place a blanket prohibition on all "off-site" sign advertising within its borders, as in the instant case. *See Daikeler v. Zoning Board of Adjustment of Montgomery Township,* 1 Pa. Commonwealth Ct. 445, 275 A.2d 696 (1971). "In our view, the instant ordinance does not attempt to regulate but to prohibit and the prohibition, without any regard for the districts set up under the Zoning Ordinance, extends throughout the Township to all 'off-site' sign advertising. Such ordinance is patently unreasonable and invalid." *Norate,* 417 Pa. at 407, 207 A.2d at 895.

The Borough also argues that POM failed to carry its burden of proof that the ordinance is unconstitutional. We do not agree.

In situations involving the total prohibition of otherwise legitimate land uses, which, by common experience, appear to be as innocuous as the land use here contested, the applicant has met his burden of overcoming the presumption of constitutionality by showing the total ban.

Thereafter, if the municipality is to sustain the validity of the ban, it must present evidence to establish the public purpose served by the regulation.

*Beaver Gasoline Company*, 445 Pa. at 577, 285 A.2d at 504-05.

In the instant case, POM has met its burden of proof by showing a total ban of ''off-site'' advertising within the Borough. However, the Borough has failed to bring forward sufficient and valid reasons for the prohibition and has failed to show that the ordinance bears a relationship to the public health, safety, morals, and general welfare. The only testimony presented by the Borough was that of the Police Chief who stated that in his opinion, ''eighty percent of our accidents on Route 6 is because of inattentativeness of the driver where they turn their head for one second and you have an accident.''[4] However, he admitted that of some three hundred auto accidents which occurred on Route 6 during 1982, not one was ever attributed to the distraction of the driver's attention by a billboard. We, therefore, hold that the ordinance prohibiting ''off-site'' advertising throughout the Borough is unreasonable and invalid.

The Borough in its brief argues that even if this Court determines that its total ban of ''off-street'' advertising is unconstitutional, that it may still properly regulate the size of billboards.

We must note, however, that the order appealed from is the January 11, 1984, order which dismissed the Borough's exceptions to the trial court's September 21 1983, order sustaining the appeal of POM. These exceptions did not specifically contest the trial court's ruling that the size limitations were an unconstitutional ''de facto'' ban. As such, the issue has

---

[4] Notes of Testimony, December 14, 1982, page 40.

not been properly preserved and is, therefore, waived. Pa. R.C.P. No. 1038(d).[5]

For the aforementioned reasons, we affirm the order of the Court of Common Pleas of Lackawanna County dated January 11, 1984.

## ORDER

AND Now, this 6th day of August, 1985, the order of the Court of Common Pleas of Lackawanna County, dated January 11 1984, at Civil Action No. 83-CIV-372, is affirmed.

---

[5] Pa. R.C.P. No. 1039(d) was rescinded October 19, 1983, effective January 1, 1984. Pa. R.C.P. No. 2271 would presently govern this situation.

Pa. R.C.P. No. 1039(d) provided that: "Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters."

In the instant case, no such leave was granted.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent. The majority holds that off-site "sign advertising is not noxious" and therefore a municipality has no power to place a blanket prohibition on all "off-site" sign advertising within its borders, as in this case.

The basis for all zoning regulations is the exercise of police power. I believe a municipality may totally exclude a legitimate business but such exclusion must bear a more substantial relationship to the public health, safety and welfare than where it is partially excluded. *Exton Quarries, Inc. v. Zoning Board of Adjustment*, 425 Pa. 43, 288 A.2d 169 (1967).

The crux of the issue is the method of determining the substantiality of that relationship. On the one hand, our Supreme Court indicated that broad challenge to the validity of a zoning ordinance must over-

come the presumption of constitutional validity. *Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971). On the other hand, in *Daikeler v. Zoning Board of Adjustment of Montgomery County,* 1 Pa. Commonwealth Ct. 445, 275 A.2d 696 (1971), this court indicated that in a total exclusion case, the ordinance does not enjoy the presumption of constitutional validity. Under such circumstances, an ordinance of total exclusion shifts the burden to the Borough to bring forth sufficient and valid reasons to show that total exclusion bears a reasonable relationship to the public safety, health and morals, which the Borough failed to do. Yet, our Supreme Court in *Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A.2d 851 (1958), said it is the burden of the challenger to go forward with the evidence since it is presumed that the Borough's legislative body acted in the public interest. *See also, Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A.2d 712 (1963).

Thus we can see that it is a matter of shifting the burden of going forward with the evidence, rather than a blanket statement that a municipality has no power to exclude legitimate business. There may be circumstances in which it may be peculiarly inappropriate to have "off-site" billboards.