**TOWNSHIP OF EXETER**

v.

**ZONING HEARING BOARD OF EXETER TOWNSHIP and Land Displays, Inc.**

**Appeal of: Board of Supervisors of Exeter Township.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2006.

Decided Nov. 1, 2006.

Reargument Denied Dec. 19, 2006.

Andrew J. Bellwoar, Chester Springs, for appellant.

Paul T. Essig, Wyomissing, for appellee, Zoning Hearing Board of Exeter Township.

Charles F. Fitzpatrick, Reading, for appellee, Land Displays, Inc.

BEFORE: FRIEDMAN, Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

The Exeter Township Board of Supervisors (Board of Supervisors), appeals from a decision of the Court of Common Pleas of Berks County (trial court), affirming a decision of the Zoning Hearing Board of Exeter Township (ZHB) that a portion of Exeter Township's (Township) Sign Ordinance was unconstitutionally exclusionary. We reverse.

Between 2003 and early 2005, Land Displays, Inc. (LD) filed eleven applications with the Township, requesting permits to erect off-site advertising signs at various locations throughout the Township. Each application proposed a billboard consisting of either 300 or 672 square feet of signage per side and a total height of approximately forty-four feet. Each application was denied based upon the Sign Ordinance, which prohibits any side of a directional or advertising sign from exceeding twenty-five square feet, and which also prohibits freestanding signs in Commercial or Industrial zoning districts from exceeding a height of twenty-five feet.

LD filed five appeal petitions and challenges to the validity of the Sign Ordinance, which were consolidated for disposition before the ZHB. At the hearings, LD argued that the Sign Ordinance was unconstitutionally exclusionary because the effect of the restrictions contained in Section 105.2.a and b. of the Sign Ordinance constitute a de facto prohibition of billboards.[1] In this regard, LD's challenge

---

1. The Sections at issue state:

    105. Signs Permitted in Commercial and Industrial Zoning Districts.

    . . .

    2. In addition, signs may be erected and maintained in Commercial and Industrial Zoning Districts, provided that:

    a. The total area on one side of all signs placed or facing any one street frontage of any one premises shall not exceed one hundred (100) square feet except in the case of a building housing more than one commercial or industrial use.

was based on, *inter alia,* the assertion that industry billboard standards are 300 square feet (including trim and frame) and 672 square feet and national advertisers will not contract or advertise on twenty-five square foot billboards.

At the hearings before the ZHB, LD presented the testimony of Tim Joyce, LD's Vice–President, and John Hayes, a consultant in the billboard industry. The ZHB condensed this testimony as follows:

> [B]illboards are essentially rental property and ... the business relies upon uniform sizing and printing to accommodate advertisers, especially national advertisers. The industry standards consist primarily of the two sizes mentioned above [300 square feet and 672 square feet]. Having standard sizes facilitates the purchase of the sign structure and the preparation and placement of advertising material. A size sign that must comply with the Sign Ordinance is not an acceptable standard in the outdoor advertising industry.

(ZHB's opinion at page 3).

The Township countered, arguing that the Sign Ordinance reflected the governing body's definite concerns for public safety along a highly congested highway that experienced numerous accidents. Further, the Township's Assistant Zoning Officer produced a number of photographs evidencing the presence of conforming signs along Rte. 422 advertising onsite or nearby businesses.

Citing the case of *Borough of Dickson City v. Patrick Outdoor Media, Inc.,* 90 Pa.Cmwlth. 628, 496 A.2d 427 (1985), the ZHB concluded that the Sign Ordinance

constituted a de facto exclusion and went on to observe that a successful challenger to a zoning ordinance must be granted the relief requested unless the municipality proves that the use as proposed will be injurious to the public health, safety and welfare. *See Casey v. Zoning Hearing Board of Warwick Township,* 459 Pa. 219, 328 A.2d 464 (1974). Because of the heavy traffic congestion, intensive commercial development, numerous driving distractions and aesthetic concerns on Rte. 422, the ZHB determined that billboards would be permitted to a size not exceeding 300 square feet (including trim and frame), but that no new billboards would be permitted along either side of Rte. 422 between Shelbourne Road and the municipal boundary line with St. Lawrence Borough to the northwest.

■ The Board of Supervisors appealed and, in an extremely limited opinion, the trial court affirmed. The Board of Supervisors now appeals to this Court.[2]

■ It is widely recognized that zoning ordinances in Pennsylvania enjoy a presumption of constitutionality and validity, and the party challenging one bears a heavy burden of proving otherwise. *Macioce v. Zoning Hearing Board of the Borough of Baldwin,* 850 A.2d 882 (Pa. Cmwlth.2004), *petition for allowance of appeal denied,* 581 Pa. 683, 863 A.2d 1150 (2004). In order to overcome this presumption of constitutionality, the challenger must demonstrate that the ordinance totally excludes an otherwise legitimate use. Unless the challenger demonstrates that the ordinance in question completely or effectively excludes a legitimate use, the

---

> b. The area of any one side of a directional or advertising sign shall not exceed twenty-five (25) square feet.

2. In an appeal from a land use decision where the trial court does not take any additional evidence, the standard of review is whether the ZHB committed an error of law or abused its discretion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

challenger has failed to carry its burden. To prove total or effective exclusion of a permitted use, the challenger can show that the ordinance is either de jure or de facto exclusionary. *Id.*

■■ A de jure exclusion exists where an ordinance, on its face, totally bans a legitimate use. *Macioce,* 850 A.2d at 888 (citing *APT Pittsburgh Ltd. Partnership. v. Penn Twp. Butler County,* 196 F.3d 469, 475 (3d. Cir.1999)). A de facto exclusion exists where an ordinance permits a use on its face, but when applied acts to prohibit the use throughout the municipality. *Id.* In *Macioce,* the court noted, "[i]f the challenger is able to establish that the ordinance excludes the use in question, the burden then shifts to the state or locality 'to demonstrate that the zoning ordinance bears a substantial relationship to public, health, safety, and welfare.'" *Id.,* 850 A.2d at 888 (citations omitted).

■ It is equally well recognized that signs have long been considered proper subjects of regulation for zoning authorities, with such regulation subject to the requirement that it not be arbitrary or discriminatory and must bear a reasonable relationship to the safety, morals and welfare of the community. *Atlantic Refining and Marketing Corporation v. Board of Commissioners of York Township,* 147 Pa. Cmwlth. 418, 608 A.2d 592 (1992). The zoning authority can establish rigorous objective standards in its ordinance for size, placement, materials or coloration of signs to insure that their offensiveness is minimized as much as possible. *Id.* Signage ordinances utilizing these objective standards will be upheld where they are reasonably related to the clearly permissible objectives of maintaining the aesthetics of an area and fostering public safety through preventing the distraction of passing motorists. *Id.*

■ Thus, on appeal, we must first determine whether the ZHB correctly concluded that LD met the heavy burden of proving that the Sign Ordinance is unconstitutional. In this regard, LD presented the testimony of Mr. Joyce and Mr. Hayes. The crux of this testimony was that the size of standard industry signs is far larger than that allowed by the Sign Ordinance. Based on this testimony, this Court's decision in *Dickson City,* as well as other trial court opinions, the ZHB went on to conclude that the Sign Ordinance constituted a de facto exclusion of billboards.

Based on our review of the record as well as precedential case law, we cannot reach the same conclusion. While the testimony of Messrs. Joyce and Hayes reflects the importance of uniform sizing in the billboard industry, it simply is not sufficient to support a conclusion that the Sign Ordinance is unconstitutional. For all intents and purposes, the ZHB has allowed industry standards to control local conditions. This is neither a suitable nor satisfactory result.

Further, we believe the ZHB's reliance on *Dickson City* is misplaced. In *Dickson City,* the appellee filed an application for a building permit to erect an "off-site" billboard on its property. The borough's zoning ordinance allowed signs to be erected only in commercial or manufacturing districts. The signs were not to have a gross surface of more than 100 square feet (commercial district) or 150 square feet (manufacturing district) and, additionally, were permitted only to advertise or call attention to the commercial or professional activities which were being conducted directly on the premises where the sign was erected.

The appellee in Dickson City filed an application for a building permit to erect a 300 square foot sign on its property. The

application was refused and the appellee then applied for a curative amendment. This application challenged the borough's zoning ordinance on the grounds that it unconstitutionally excluded "off-site" outdoor advertising signs and that the 100 and 150 square feet size restriction represented an illegal de facto exclusion of outdoor advertising signs. As part of its argument, the appellee stressed that the standard sign produced in the industry was 300 square feet.

The borough denied the appellee's application but, on appeal, the trial court sustained the request. Upon further appeal, this Court held that the appellee had in fact met its burden of proof by showing a total ban of "off site" advertising within the borough. However, because the borough failed to bring forward sufficient and valid reasons for the prohibition, we held that it failed to show that the ordinance bore a relationship to the public health, safety, morals and general welfare. Thus, the *Dickson City* court held that the ordinance prohibiting "off site" advertising was unreasonable and invalid.

The *Dickson City* court then went on to reject the borough's "alternative argument" that, in the event it was determined that the total ban of "off site" advertising was unconstitutional, it could still properly regulate the size of billboards. Addressing this portion of the borough's argument, the Court stated:

We must note, however, that the order appealed from is the . . . order which dismissed the Borough's exceptions to the trial court's . . . order sustaining the appeal of [the appellee]. These exceptions did not specifically contest the trial court's ruling that the size limitations were an unconstitutional 'de facto' ban. As such, this issue has not been properly preserved and is therefore waived.

*Dickson City*, 496 A.2d at 430.

Accordingly, to the extent that the ZHB cited to *Dickson City* for the proposition that sign industry standards may somehow control size limitations in sign ordinances, it was also in error.[3] Furthermore, because LD has not shown the effective exclusion of a legitimate use, it has not met its burden and the order of the trial court is therefore reversed.[4]

### ORDER

AND NOW, this 1st day of November, 2006, the order of the Court of Common Pleas of Berks County is reversed.

### DISSENTING OPINION BY Judge FRIEDMAN.

I respectfully dissent. The majority reverses a decision of the Court of Common Pleas of Berks County (trial court), which affirmed the Zoning Hearing Board (ZHB) of Exeter Township's (Township) holding that the Township's Sign Ordinance unconstitutionally excludes billboards. The majority holds that the Sign Ordinance does

---

3. We note that de facto exclusion is shown if an ordinance permits a use on its face but, when applied, prohibits the use throughout the municipality. *Macioce*. Here, the record contains a number of photographs reflecting advertising signs that meet the size restrictions set forth in the Sign Ordinance. (R.R. 531a–537a). That fact that these signs exist is evidence, in and of itself, that there is no exclusion in the Sign Ordinance. While it certainly would be more economically lucra-

tive for LD to place larger signs in the Township, such financial interests do not render the Sign Ordinance exclusionary. Clearly, the area governed by the Sign Ordinance is being reasonably used for the purposes permitted.

4. In light of our holding, we will not address the remaining issues raised on appeal in this action.

not totally exclude billboards from the Township because the Sign Ordinance permits off-site advertising signs that are smaller than industry-standard billboards.[1] For the following reasons, I cannot agree.

The Township Sign Ordinance permits off-site advertising signs in commercial and industrial zoning districts. (ZHB's op. at 1.) However, the area of any one side of an advertising sign may not exceed twenty-five square feet, and the total area of all signs facing any one street on any premises may not exceed 100 square feet. Id. The minimum industry-standard billboard is 300 square feet. (ZHB's op. at 4, Findings of Fact, No. 3.) Thus, the ZHB found that the Sign Ordinance excludes all industry-standard billboards from the Township. (ZHB's op. at 4, Findings of Fact, No. 2.)

Property owners have a constitutional right to the enjoyment of their property. *C & M Developers, Inc. v. Bedminster Township Zoning Hearing Board*, 573 Pa. 2, 820 A.2d 143 (2002). However, a municipality may reasonably limit that right by enacting zoning ordinances pursuant to a municipality's police power, i.e., the power to protect the public health, safety, morality and welfare. *Id.* Property owners may challenge the validity of a zoning ordinance by showing that the zoning ordinance is unreasonable, arbitrary, or not substantially related to the police power, e.g., by showing that the ordinance is exclusionary. *Id.*

Courts have held on many occasions that ordinances dealing with the regulation of signs and billboards are within a municipality's police power. *Norate Corporation, Inc. v. Zoning Board of Adjustment*, 417 Pa. 397, 207 A.2d 890 (1965). However, our supreme court has held that an ordinance prohibiting all off-site advertising signs is unreasonable, *id.*, and that an ordinance prohibiting all signs with flashing lights is patently unreasonable. *Appeal of Ammon R. Smith Auto. Co.*, 423 Pa. 493, 223 A.2d 683 (1966). Moreover, this court has held that an ordinance prohibiting all revolving signs is invalid. *Amerada Hess Corporation v. Zoning Board of Adjustment*, 11 Pa.Cmwlth. 115, 313 A.2d 787 (1973).

Once a person challenging the validity of an ordinance shows that the ordinance totally bans a particular business,[2] or type of sign, *id.*, the municipality must establish the public purpose served by the total ban.[3] *Derry Borough v. Shomo*, 5 Pa. Cmwlth. 216, 289 A.2d 513 (1972). In other words, a municipality may totally exclude a certain type of sign *only* if the *municipality establishes* that the particular type of sign is injurious to the public health, safety, morality or welfare.

Here, the Exeter Township Sign Ordinance totally excludes industry-standard billboards. (ZHB's op. at 4, Findings of Fact, No. 2.) However, the ZHB found, based on testimony presented by the

---

1. Thus, the majority believes that an off-site advertising sign that does not meet industry standards for billboards is nevertheless a billboard.

2. The evidence in the record indicates that the billboard industry is a rental business that relies upon uniform sizing and printing to accommodate advertisers. (ZHB's op. at 3.) Thus, the exclusion of industry-standard billboards from Exeter Township is the exclusion of a particular type of rental business.

3. In reviewing an ordinance to determine its validity, courts generally employ a substantive due process inquiry, involving a balancing of property owner rights against the public interest that the police power seeks to protect. *C & M Developers*. A conclusion that an ordinance is valid necessitates a determination that the public purpose served by the ordinance adequately outweighs property owners' rights to do as they see fit with their property. *Id.*

Township, that: (1) industry-standard bill-boards *greater than* 300 square feet would be injurious to the public safety; and (2) industry-standard billboards erected along either side of Route 422 between Shelbourne Road and the boundary line between the Township and St. Lawrence Borough would be injurious to the public safety. (ZHB's op. at 11.) Thus, the Township could properly exclude industry-standard billboards *greater than* 300 square feet from the Township and could properly exclude all industry-standard billboards at the specified location along Route 422 within the Township. Because the ZHB provides for industry-standard billboards in a way that protects the public health, safety, morality and welfare, I see no error in the ZHB's analysis.

Accordingly, unlike the majority, I would affirm.