LAMAR ADVERTISING OF PENN, LLC, d/b/a Lamar Advertising of Reading and the Lamar Companies, Appellant

v.

ZONING HEARING BOARD OF the BOROUGH OF DEER LAKE.

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2006.
Decided Jan. 18, 2007.

---

George C. Balchunas, Wyomissing, for appellant.

Karen L. Domalakes, Frackville, for appellee.

BEFORE: LEADBETTER, Judge, COHN JUBELIRER, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Lamar Advertising of Penn, LLC, d/b/a Lamar Advertising of Reading and The Lamar Companies (jointly Lamar) appeals the order of the Court of Common Pleas of Schuylkill County, which denied its appeal of the decision of the Zoning Hearing Board (Board) of the Borough of Deer Lake (Borough). The Board had granted Lamar's request for approval to construct an off-site advertising sign, after determining the Borough's Zoning Ordinance (Ordinance) was *de jure* exclusionary. However, the Board then denied Lamar's application for a variance from the Ordinance's height and area requirements, thus barring construction as Lamar wished. On appeal, Lamar raises the following two issues: (1) whether the Board misapplied its burden of proof by imposing on-site sign regulations on Lamar's proposed off-site advertising sign after declaring the Ordinance *de jure* exclusionary; and, (2) whether, in addition to demonstrating a *de jure* exclusion, Lamar also proved that the size limitations imposed by the Board caused a *de facto* exclusion.

Lamar is in the business of constructing, maintaining and operating off-site outdoor advertising signs,[1] otherwise known as billboards, and wishes to erect an advertising sign on leased property in the Borough on the east side of Pennsylvania Route 61, between Lake Front and Bahundy Drives.[2] That property is zoned C–1 (Commercial) under the Ordinance, Section 3.200.[3] Lamar submitted an application to the Borough's Code Enforcement Officer for a permit to construct an off-site billboard, described as follows:

> The sign would sit atop an 18–inch diameter steel pole, with a concrete foundation. The sign would be in a V-shape, facing northbound and southbound traffic on Pa. Route 61. The sign as proposed would contain 247 square feet of space on each face, being 10 feet 9 inches high, by 23 feet long. A single halophane fixture would illuminate each side of the sign. The total heighth [sic] of the sign would be 30 feet above ground level, and the sign would extend to a point approximately 10 feet from the right-of-way of Pa. Route 61.

(Bd. Hr'g, Finding of Fact (FOF) ¶ 4.) The Officer denied Lamar's application for two reasons: (1) the Ordinance prohibits off-

---

1. Off-site advertising takes place when a business advertises on a sign that is not physically located on its premises or property.

2. The property, located at 1683 Centre Turnpike, parcel number 42–06–0182.000, is owned by *Kee Dee Realty*. (Bd. Hr'g, Finding of Fact (FOF) ¶ 3; Bd. Hr'g, Bd. Ex. No. 3 (Notice of Hearing dated 3/25/05).) The property is currently used for the sale, wash-

ing, and detailing of automobiles, and includes an existing sign advertising those uses. (FOF ¶ 3.)

3. Borough of Deer Lake Zoning Ordinance, No. 28, entered December 7th, 2002, *as amended*. Section 3.200 describes the classes of districts in the Borough, and includes a designation for C–1 Commercial.

site advertising signs; and (2) the size of Lamar's proposed off-site sign exceeds the Ordinance's on-site advertising sign regulations.

Lamar then filed an appeal of the Code Enforcement Officer's decision with the Board, requesting a variance and/or challenging the validity of the Ordinance.[4] The Board found that "off-site advertising signs are not allowed as a permitted or special exception use anywhere within the Borough ..., and, therefore ... such use is completely excluded by the Zoning Ordinance."[5] (FOF ¶ 10.) However, the Board granted Lamar's request for relief, and stated that it would allow use of the property for off-site advertising. (FOF ¶ 10.)

The Board then addressed Lamar's request for a variance from the size and height restrictions imposed by the Ordinance for signs within the C–1 Commercial district. The Board explained that Lamar wished "to exceed the height requirements by 5 feet (30 feet requested; 25 feet allowed), and the area requirements by 87 square feet (247 square feet requested[;] 160 square feet allowed)." (FOF ¶ 11.) Three sections of the Ordinance are pertinent here:

(1) **Section 5.602(c)(3)—Permitted Signs in Commercial Districts, which provides:**

Business or commercial sign on the same lot as the use to which it relates, provided that such sign shall be limited to two (2) square feet for each linear foot of horizontal building façade length, but not to exceed an aggregate area of one hundred sixty (160) square feet.

(2) **Section 5.603(b)—Supplemental Sign Regulations for Height, which provides:**

No sign that is part of or is supported by a building shall be erected upon the roof of such building, nor shall such sign extend above the height of the building. Free standing signs shall meet the height requirements of the particular district in which it is located.

(3) **Section 4.405—Maximum Building Coverage and Height in C–1 Commercial, which provides:**

Maximum Building Coverage—35%
Maximum Building Height—25 feet
Maximum Paved Area—45%

(*See also* FOF ¶¶ 6, 7.) Thereafter, the Board engaged in a variance analysis, pursuant to Section 7.202 of the Ordinance,[6]

---

**4.** Lamar described the purpose of its appeal as follows:

Applicant, Lamar Advertising of Penn, LLC, requests a variance, a validity variance, and/or a determination that the Zoning Ordinance of Deer Lake Borough is unconstitutionally exclusionary and that the Applicant be permitted to place, erect, maintain, and operate an outdoor advertising sign in accordance with its application as filed. Applicant's appeal includes challenges and request for relief from any dimensional limitations as might otherwise apply in that such dimensional limitations do not account for the use of the property for outdoor advertising.

(Bd. Hr'g, Lamar Ex. No. 3.) In its Request for Relief, Lamar states that it "challenges the

validity of the Zoning Ordinance of the Borough of Deer Lake ..., and requests a variance from the terms thereof...." (Bd. Hr'g, Lamar Ex. No. 3.)

**5.** Section 5.600 of the Ordinance provides regulations for signs within the Borough. This section "does not allow off-site advertising signs, and the regulations for the various zoning districts within the Borough likewise do not allow off-site advertising signs as either a permitted use or a use allowed with ... Board approval." (FOF ¶ 5.)

**6.** The Board apparently meant to refer to Section 7.202 of the Ordinance, entitled "Variance," not Section 7.702. Under Section 7.202, the Board may authorize a variance

and determined that Lamar failed to meet the threshold requirements to establish entitlement to a variance. The Board noted that the property could be used in conformity with the Ordinance and that Lamar's "desire to erect a sign that is higher and bigger than allowed is just that: a desire. It is by no means a necessity." (FOF ¶ 17.)

Lamar then appealed the Board's decision to the trial court, which took no additional evidence. Before the trial court, Lamar first argued, *inter alia*,[7] that the size and height limitations imposed on commercial signs by Sections 5.602(c)(3) and 5.603(b) of the Ordinance constitute a *de facto* exclusion of off-site advertising and are, therefore, invalid. The trial court noted that it was Lamar's burden to prove the Ordinance was unconstitutional, and found Lamar did not meet its burden. The trial court explained that Lamar's own witness[8] testified that the company has smaller billboards currently displayed in the Borough which meet the size and height restrictions in the Ordinance. The trial court agreed with the Board that admitting such a fact is sufficient to support the Board's finding that off-site advertising is not being excluded *de facto*. (*See* FOF ¶ 17.) Therefore, the trial court held the Ordinance's size and height restrictions for advertising signs are not unconstitutional.

Lamar also argued to the trial court that its proposed off-site sign should not be subjected to the same restrictions in the Ordinance as are applied to on-site signs. In response, the trial court quoted *Bilbar Construction Co. v. Board of Adjustment of Easttown Township*, 393 Pa. 62, 141 A.2d 851 (1958):

> Even where there is room for difference of opinion as to whether an ordinance is designed to serve a proper public purpose, or if the question is fairly debatable, the courts cannot substitute their judgment for that of the authorities who enacted the legislation.

*Id.* at 71, 141 A.2d at 856. Based upon its review of the Board's application of the law regarding dimensional variances, the Board's findings, and the record, the trial court held the Board did not abuse its discretion or make an error of law "in denying the dimensional variance application or in finding that the restrictions placed on on-site advertising signs are reasonably applied to Lamar's proposed off-site sign." (Trial Ct. Op. at 9.) It also found the Ordinance, as applied by the Board, did not operate in an arbitrary, capricious, discriminatory, or confiscatory manner, particularly because it treats off-site advertising signs in the same manner as on-site signs. Lamar now appeals the trial court's decision to this Court.[9]

"where owing to special conditions, a literal enforcement of the provisions of this Ordinance will result in particular difficulty or unnecessary hardship." Section 7.202 requires an applicant to prove (1) special circumstances or conditions of the land, structure, or buildings at issue; (2) such special circumstances are not self-imposed; (3) the request is necessary and the minimum request possible; (4) the request is in harmony with the Ordinance and not injurious to public welfare; and (5) the request does not constitute a grant of special privilege. (Section 7.202(a)(1)-(5) of the Ordinance.)

7. Although Lamar presented four issues on appeal to the trial court, we summarize only the two issues that Lamar has since appealed to this Court.

8. Lamar's witness was Melissa Nye, Real Estate Director of Lamar Advertising of Reading. (Trans. 4/12/05 at 7.)

9. As explained in *Zoning Hearing Board of Sadsbury Township v. Board of Supervisors of Sadsbury Township*:

> [O]ur standard of review in a zoning case, where the court of common pleas has taken

■ Ordinances dealing with the regulation of signs and billboards are within a municipality's police power. *Norate Corp., Inc. v. Zoning Board of Adjustment,* 417 Pa. 397, 207 A.2d 890 (1965). Our Supreme Court has held that an ordinance prohibiting all off-site advertising signs is unreasonable. *Id.* The zoning authority is permitted to establish "rigorous objective standards in its ordinance ... to insure that their offensiveness is minimized as much as possible." *Township of Exeter v. Zoning Hearing Board of Exeter Township,* 911 A.2d 201, (Pa.Cmwlth.2006) (McCloskey, S.J.). "Signage ordinances utilizing these objective standards will be upheld where they are reasonably related to the clearly permissible objectives of maintaining the aesthetics of an area and fostering public safety through preventing the distraction of passing motorists." *Id.*

■ Where a zoning ordinance acts as a *de jure* exclusion [10] of a legitimate use, as the parties agree it does in this case for off-site advertising signs in the Borough, "the sole remedy is to allow the use somewhere in the municipality and equity dictates that this opportunity fall to the successful litigant." *Adams Outdoor Advertising v. Borough of Coopersburg Zoning Hearing Board,* 155 Pa.Cmwlth. 591, 625 A.2d 768, 770 (1993). In *Casey v. Zoning Hearing Board of Warwick Township,* the Court reasoned that not allowing the challenger the requested relief:

> no additional evidence, is limited to determining whether the zoning hearing board abused its discretion or committed an error of law. An abuse of discretion will be found only if the zoning board's findings are not supported by substantial evidence, that is, such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Upon reviewing a decision of a zoning hearing board, a court may not substitute its judgment for that of the board; and, assuming the record dem-

Would effectively grant the municipality a power to prevent any challenger from obtaining meaningful relief after a successful attack on a zoning ordinance. The municipality could penalize the successful challenger by enacting an amendatory ordinance designed to cure the constitutional infirmity, but also designed to zone around the challenger. Faced with such an obstacle to relief, few would undertake the time and expense necessary to have a zoning ordinance declared unconstitutional.

459 Pa. 219, 228, 328 A.2d 464, 468 (1974).

■ The fact that the Board found the Ordinance exclusionary as to off-site billboards does not automatically permit Lamar to erect whatever kind of structure it wishes without investigation into the reasonableness of the proposed plans. *See J.B. Steven, Inc. v. Wilkins Township,* 654 A.2d 135 (Pa.Cmwlth.1995). Approval of a challenger's plan is not automatic, but must be subject to reasonable regulation by the municipality, which must not be arbitrary or discriminatory and must bear a reasonable relationship to public health, safety, welfare, and morals. *Township of Exeter,* 911 A.2d at 206; *Adams Outdoor Advertising.* The Court explained the qualifications on site specific relief in *Fernley v. Board of Supervisors of Schuylkill Township* as follows:

> [W]e believe that approval of the developer's plan is not automatic but, in-

> onstrates substantial evidence, the court is bound by the board's findings which result from resolutions of credibility and the weighing of evidence rather than a capricious disregard for the evidence.
> 804 A.2d 1274, 1278 (Pa.Cmwlth.2002).

10. A *de jure* exclusion exists where the ordinance, on its face, totally prohibits a legitimate use. *Township of Exeter v. Zoning Hearing Board of Exeter Township,* 911 A.2d 201 (Pa.Cmwlth.2006)(McCloskey, S.J.).

stead, must be predicated on the suitability of the proposed site and various health and safety considerations. As the Commonwealth Court explained in its decision in *Ellick v. Board of Supervisors,* 17 Pa.Commonwealth [404], 411–12, 333 A.2d [239], 244–45 [ (1975) ]:

> [I]f a governing body determines that its ordinance is defective, because it totally prohibits the use proposed by the challenging landowner, then the governing body must permit the challenging landowner to develop his land as proposed in the "plans and other materials" submitted with the challenge, provided, of course, that what is submitted is reasonable, and not injurious to the public health, safety, welfare and morals.
>
> The governing body may not totally prohibit the successful challenger's proposed development nor may it subject the proposed development to unreasonable and burdensome restrictions. *See Casey, supra. The governing body may, however, subject the landowner's submitted plans to reasonable restrictions as may be otherwise properly provided for in its ordinance. To put it another way, the successful challenger will still be required to abide by all of the reasonable building requirements, density restrictions, safety measures, ... as well as all other reasonable zoning, building, subdivision and other regulations generally applicable to the class of use or construction proposed by the landowner.*

509 Pa. 413, 422–23, 502 A.2d 585, 589–90 (1985) (emphasis added).

■ Lamar argues the Board misapplied its burden of proof by imposing, without any factual or legal basis, on-site sign regulations to its proposed off-site advertising sign. Lamar stresses the Board "had no basis in the record to apply regulations which clearly do not contemplate off-site advertising in the first place" (Lamar Br. at 16), or would suggest on-site regulations could be reasonably imposed upon Lamar's proposed off-site sign. The Board counters that it may apply existing dimensional restrictions to an applicant who has successfully proven a *de jure* exclusion because an unconstitutional *de jure* exclusion does not automatically defeat other restrictions in the Ordinance. In addition, the Board points out those restrictions were in place when Lamar made its application.

■ We note that a zoning hearing board is responsible for interpretation and application of its zoning ordinance, and that interpretation is entitled to great deference from a reviewing court. *Adams Outdoor Advertising v. Zoning Hearing Board of Smithfield,* 909 A.2d 469 (Pa. Cmwlth.2006). The basis for this deference is the "knowledge and expertise a zoning hearing board possesses to interpret the ordinance it is charged with administering." *Id.*

We further note that an unconstitutional *de jure* exclusion does not automatically defeat other requirements in the Borough's Ordinance. Section 8.900 of the Ordinance provides:

> Should any section or provision of this Ordinance be declared by the courts to be unconstitutional or invalid, such decision shall not affect the validity of the Ordinance as a whole or any part thereof other than the part so decided to be unconstitutional or invalid.

The Board found the intent of the Ordinance "is to regulate all uses of property within the Borough ..., including those that are not specifically addressed in the Zoning Ordinance." (FOF ¶ 12.) The Board explained:

Although the Zoning Ordinance does not specifically allow off-site advertising signs, and therefore does not provide specific height or area requirements for such signs, the Board finds that the intention of the Zoning Ordinance is to regulate all uses of property within the Borough of Deer Lake (see Section[s] 1.100 and 1.200),[11] including those that are not specifically addressed in the Zoning Ordinance.

There appears to be no significant difference (other than content) between a sign advertising off-site business activities and a sign advertising on-site business activities.[12] The Board therefore finds that the sign regulations as set forth in Section 5.600 of the Zoning Ordinance are applicable to off-site advertising signs.

(FOF ¶¶ 12, 13 (footnote added).)

This conclusion is the same as that reached in *J.B. Steven*, decided in 1995. There, this Court affirmed the trial court's decision which had affirmed the decision of the zoning hearing board, "to adopt 'regulations in force at the time of the [applicant's] permit application....'" 654 A.2d at 139 (citing zoning hearing board's decision at 7). The zoning hearing board had allowed the same section of the township's zoning ordinance regarding area and setback restraints to apply to both on-and off-site billboards. This Court held the Board's decision to be reasonable and supported by substantial evidence because the definitions of the two types of billboards "are essentially identical with one exception. One definition addresses on-site billboards while the other does not." 654 A.2d at 139.

We find the Board's explanation as to why it utilized the existing Ordinance, here, in order to rectify the unconstitutional infirmity, is supported by substantial evidence of record. We, therefore, find the Board's use of the same regulations for on-site and off-site advertising signs to be appropriate here.

---

11. Section 1.100 of the Ordinance provides: "[n]o building, structure, or land shall be used or occupied, nor shall any building or structure or part thereof be constructed, erected, moved, enlarged, or structurally altered unless in conformity with the regulations of this Ordinance." Section 1.200 of the Ordinance provides:

This ordinance is hereby adopted in accordance with a comprehensive plan which is designed to accomplish the following community development objectives:

1.201 To promote the health, safety, morals, and the general welfare of the community.

1.202 To lessen congestion on streets, roads, and highways.

1.203 To provide adequate light and air.

1.204 To secure safety from fire, flood, panic, and other dangers.

1.205 To prevent the overcrowding of land.

1.206 To avoid undue concentration of population.

1.207 To facilitate the adequate provision of transportation, water, sewage, schools, parks, and other public requirements.

1.208 To conserve the value of property, and to encourage the most appropriate uses of land in the Borough by considering, among other things, the character of each district and its suitability for particular uses.

12. Section 2.156 of the Ordinance provides the general definition for a "Sign" as "[a]ny name, identification, description, or illustration display or device which is affixed to, painted or represented upon a building, structure, or land and which directs attention to a product, place, activity, person, institution, or business." Section 2.156(a) defines "Sign, Advertising" as "[a] sign which directs attention to a business, commodity, service, or entertainment which is not sold or offered upon the same premises where the sign is located;" *this would be an off-site sign.* Section 2.156(b) defines "Sign, Business" as "[a] sign which directs attention to a business, profession, commodity, service, or entertainment which is sold or offered upon the same premises where the sign is located;" *this would be an on-site sign.*

Lamar also argues that, in addition to demonstrating a *de jure* exclusion, the size limitations imposed by the Board caused a *de facto* exclusion.[13] In the recent Township of Exeter opinion, we noted that, where the record contains proof reflecting advertising signs that meet the size restrictions set forth in the Ordinance, there is no *de facto* exclusion. We stated, "[t]he fact that these signs exist is evidence, in and of itself, that there is no exclusion in the ... Ordinance." *Id.* at 205 n. 3. We also stated that, while it would be more lucrative for the applicant to place larger signs in the township, financial interests do not render an ordinance exclusionary. *Id.*

The same premise applies to the facts in this case, where Lamar's expert actually testified that it owns smaller signs *already in place* in the Borough. Melissa Nye, Real Estate Director for Lamar testified that Lamar already owns smaller signs (6' by 12') located in the county, as follows:

Q. The smallest standard size [billboard sign] that Lamar uses in its current operations is what size?

A. 6 by 12.

Q. And where are those located?

A. They are located on various roads in Schuylkill County. They're not covered in pretty much any of our other territory.

(Tr. 4/12/05 at 11.) Ms. Nye also engaged in this further discussion with Lamar's counsel:

Q. Earlier the chairman stated that there were no other signs of this size in the area. Do you disagree with that?

A. Yes, I do.

Q. Does Lamar have another sign about 1500 feet away from this location?

A. Yes, we do.

Q. In this Borough?

A. Yes, it is.

Q. And what size is that?

A. 247.25 square feet.

Q. Okay. And that's a free existing sign.—

A. Yes.

(Tr. 4/12/05 at 49; *see also* Tr. 4/12/05 at 54 (responding to resident's question regarding the same sign).) Because the record contains proof reflecting the existence of advertising signs that meet the size restrictions set forth in the Ordinance, there is no *de facto* exclusion in the Borough.

Accordingly, in accordance with the analysis in this opinion, the order of the trial court is affirmed.

### ORDER

NOW, January 18, 2007, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is hereby AFFIRMED.

---

**13.** A *de facto* exclusion exists where the ordinance permits a use on its face, but prohibits the use when the ordinance is actually applied. *Township of Exeter.*